861 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grant ERICKSON, Wayne and Maxine Muloin, Renee and Louise
Drolet, Petitioners- Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 87-1777, 87-1781, 87-1782, 87-1787 and 87-1788.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1988.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioners-Appellants, Grant Erickson (Erickson), Wayne and Maxine Muloin (Muloins), and Renee and Louise Drolet (Drolets), petitioned this court for review of the United States Tax Court's decision assessing the full tax deficiency against them entered by Respondent-Appellee, Commissioner of Internal Revenue (Commissioner).
 
 
 2
 After reviewing the briefs and the record in its entirety, this court concludes that the Tax Court correctly determined that taxpayers, Wayne and Maxine Muloin, and Renee and Louise Drolet, failed to transmit the settlement documents to the Commissioner before the April 1, 1987 deadline mandated in the settlement agreements between the Commissioner and the respective taxpayers. Accordingly, the decision of the Tax Court is AFFIRMED as to the Muloins and the Drolets for the reasons stated in the opinion of Judge Goffee of May 7, 1987.
 
 
 3
 From the record, it appears that taxpayer Erickson attempted to substantially comply with the settlement agreement by forwarding the mandated documents to the Commissioner "on or about April 1, 1987"; however, the exact date of the transmittal remains in controversy. Having failed to develop any factual proof in the record of Erickson's date of compliance with the terms of the settlement agreement and absent findings of fact entered by the trial judge addressing the issue of Erickson's default, if any, the judgment of the Tax Court concerning taxpayer Erickson is REVERSED and REMANDED to determine the date of transmittal of Erickson's documents to the Commissioner.
 
 
 4
 Accordingly, the judgment of the Tax Court is AFFIRMED in part and REVERSED and REMANDED in part.